IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> 5STARAUTOPARTS2015, et al., <br><br> Defendants. | Case No. 19-cv-07978 <br><br> **Judge Robert W. Gettleman** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

**Declaration of Justin R. Gaudio**

## DECLARATION OF JUSTIN R. GAUDIO

I, Justin R. Gaudio, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Volkswagen Group of America, Inc. ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. The report titled "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (January 24, 2020) is attached hereto as **Exhibit 1**.

3. **Exhibit 2** attached hereto is true and correct copy of Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, Nw. J. Int'l L. & Bus. (forthcoming 2020).

4. In my experience in combatting online counterfeiting over the last ten years, electronic publication and e-mail have proved to be reliable mechanisms for quickly providing notice to Internet store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

5. **Exhibit 3** attached hereto are true and correct copies of screenshots of Defendant yhz_68's ("Defendant") e-commerce store. An investigation of Defendant's e-commerce store does not provide a physical address on the e-commerce store. I, or someone under my direction, ordered a product from Defendant. The product received from Defendant had a return address of WN Shipping USA, 475 Doughty Blvd, Inwood, NY 11096.

6. I, or someone under my direction, served the Temporary Restraining Order ("TRO") on eBay. eBay provided the e-mail address, yhzhuo@foxmail.com (the "Service E-mail

      Address"), and physical address used to register Defendant's e-commerce store. I, or someone under my direction, investigated the physical address provided by eBay, and determined that the address could not be located, and no identifiable address was located at that address.

7. I, or someone under my direction, served Defendant at the Service E-mail Address on January 2, 2020. Attached hereto as **Exhibit 4** is a true and correct copy of the January 2, 2020 e-mail.

8. I, or someone under my direction, have further provided notice of the TRO and its Motion for Entry of a Preliminary Injunction to Defendant at the Service E-mail Address. Attached hereto as **Exhibit 5** are true and correct copies of these e-mails.

9. On information and belief, Defendant also received notice from eBay and PayPal.

10. Defendant has sent two e-mails to Plaintiff from the Service E-Mail Address. Plaintiff has responded to Defendant's e-mails. Attached hereto as **Exhibit 6** are true and correct copies of these e-mails.

11. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 7**.

12. I was counsel for plaintiffs in *Luxottica Group S.p.A., et al. v. Xiong Hua Ping, et al.*, No. 18-cv-02188 (N.D. Ill. Jan. 15, 2020). In that case, plaintiffs' request for service was pending with the Chinese Central Authority for over six months.

13. **Exhibit 8** attached hereto is a true and correct copy of the transcript of the January 23, 2019 hearing in *Eye Safety Systems, Inc. v. Shenzhen Vakind Technology Co., Ltd.*, No. 19-cv-00098 (N.D. Ill. May 13, 2019).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 10th day of March 2020 at Chicago, Illinois.

/Justin R. Gaudio/
Justin R. Gaudio
Counsel for Plaintiff