# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| Volkswagen Group of America, Inc., <br>     Plaintiff <br> v. <br> The Partnerships and Unincorporated Associations Identified on Schedule "A" <br>     Defendant; <br><br> yhz_68 <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) **Case No.: 19-cv-07978** <br> ) **Judge Robert W. Gettleman** <br> ) **Magistrate Judge Jeffrey T. Gilbert** <br> ) <br> ) <br> ) |

**MOTION TO SET ASIDE THE FINAL JUDGMENT ORDER**

Defendant moves this Honorable Court to set aside the Final Judgment Order [Doc. 73].

Despite of the existing problems, such as the Defendant itself consists of two entities rather than one which is a matter has never been ruled by this Court, remain unresolved and the requirement of Rule 55(5) for entry of default does not meet, as Defendant has been actively defending itself by filing motions after it being dragged to this Case without sufficient service of process. Additionally, the deadline for Defendant to file

1

an answer to complaint has not passed yet, since neither a deadline for a *Pro Se* litigant to respond was ordered by this Court nor provided by the law after the Motion to Dismiss was denied [61].

Without considering the above, this Court granting the motion for entry of default in one day right after such motion being presented is against Fed. R. Civ. P. 55(b)(2) as well as the rules provided by ILND [see https://www.ilnd.uscourts.gov/judge-cmp-detail.aspx?cmpid=876[2]], as this Court skipped the timetable for entry of default and refused to hold any hearings to such motion.

Therefore, Defendant hereby moves this Honorable Court to set aside the Final Judgment Order.

    This date of June 15, 2020.    Respectfully submitted;

    /s/ZHUO YU HANG

    lawmanslaw@163.com

---

[1] Default is a drastic remedy. Consequently, the process used must be carefully followed, including providing the proper notice to the party against which default is being sought ("defaulting party"). Default judgments sought under Fed. R. Civ. P. 55(b)(2) require a two-step process. Counsel must not conflate the two procedures and must rigorously adhere to the time frames specified in Fed. R. Civ. P. 55. First, there must be an entry of default, either by the Clerk of the Court or by a court order directing the Clerk to enter the default. A written request for an entry of default pursuant to Fed. R. Civ. P. 55(a) shall be accompanied by an affidavit or declaration showing that the defaulting party: (1) is not an infant, in the military, or an incompetent person; (2) has failed to plead or otherwise defend the action; and (3) has been properly served with the pleading. A copy of the proof of service must also be attached to the motion if not already docketed.
Second, there must be a motion for default judgment. A party moving for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) shall file a motion and supporting legal documents and properly notice the motion for presentment. Service of the motion for default judgment and notice of presentment must occur at least seven (7) days before the motion for default judgment is presented. The Court will strike all motions for default judgment that fail to provide sufficient notice. The moving party shall also append as exhibits to the motion for default judgment: (1) a copy of the Clerk's entry of default; (2) supporting affidavits or declarations; and (3) a proposed form of default judgment. The motion, exhibits, and notice of presentment shall be mailed by regular and certified mail to the defaulting party at the last known address of the defaulting party. A copy of the return receipt evidencing delivery, when returned by the post office, shall be filed with the Court. In cases involving joint and several liability, it may be premature to move for a default judgment against one defendant in a multi-defendant case because a damages hearing will not be held until the liability of each non-defaulting defendant has been resolved. See In re Uranium Antitrust Litig., 617F.2d 1248, 1262 (7th Cir. 1980). However, a determination of damages against the defaulting party can be made if the claims against the non-defaulting parties are dismissed. See Domanus v. Lewcki, 742 F.3d 290, 304(7th Cir. 2014).
As provided by Fed. R. Civ. P. 55(b)(1) a default judgment for a sum certain may be sought from the clerk by written request accompanied by an affidavit providing the information detailed in the rule.
Failure to comply with this standing order will result in the denial of the motion.
.